# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV559 |
| | ) | |
| $909,708.64 IN U.S. CURRENCY, | ) | |
| SEIZED FROM A SUBLEDGER AT | ) | |
| CITIBANK, N.A. PREVIOUSLY HELD | ) | |
| IN ACCOUNT ENDING IN 7108, IN THE | ) | |
| NAME OF NTGH 2A AUTO TRADE, | ) | |
| INC, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| $69,003.39 IN U.S. CURRENCY, | ) | |
| SEIZED FROM A SUSPENSE ACCOUNT | ) | |
| AT JP MORGAN CHASE BANK, N.A., | ) | |
| PREVIOUSLY HELD IN ACCOUNT | ) | |
| ENDING IN 0913, IN THE NAME OF | ) | |
| SIGLO EXPORT IMPORT 22 CORP, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This matter is before the court on *pro se* Claimant Adam Hassimiou's[1] ("Claimant Hassimiou") "Motion Opposing Plaintiff's Motion for Entry of Default" (Docket Entry 18)

---

[1] The court filings use several spellings of Claimant Hassimiou's name, including Ayouba Hassimiou Adam, Adam Hassimiou, Adam A. Hassimiou, and Ayouba Hassimious Adam. (*See e.g.,* Docket Entries 19 at 2-3, 22 at 2.) The undersigned will refer to said Claimant as Claimant Hassimiou.

1

and Claimant NTGH 2A Auto Trade, Inc.'s[2] ("Claimant NTGH") (collectively "Claimants") "Motion to Set Aside Entry of Default" (Docket Entry 21). The Court construes both motions as motions to set aside an entry of default and recommends granting both motions.

**I. Background and Procedural Facts**

On July 7, 2023, Plaintiff United States of America ("Plaintiff") filed a Complaint, asserting a *in rem* forfeiture action against two properties, namely a Citibank account ("Citibank Account") and a J.P. Morgan account ("J.P. Morgan Account") (collectively "Defendant Properties"), the proceeds of which were traceable to "unlawful activity." (Docket Entry 1 ¶ 1.) On July 11, 2023, the undersigned issued a "Warrant for Arrest and Notice *In Rem*" ("Warrant") for Defendant Properties. (Docket Entry 3.) Copies of the Complaint and Warrant were served on both Defendant Properties in August 2023. (*See* Docket Entries 4, 5.) The Warrant states that "all person who reasonably appear to have an interest in or right against the properties . . . must file a verified statement identifying the interest or right with the Clerk of this Court not later than thirty-give (35) days after notice is sent . . . ." (*Id.* at 2.)[3] In late October 2023, J.G. Beef Sales ("J.G. Beef") asserted a claim on the Defendant Properties and filed an Answer. (Docket Entries 7, 8.)

On October 10, 2023, a copy of the Complaint, Warrant, and Legal Notice were delivered to Claimant NTGH at 1368 Clay Avenue, Apt. 3, Bronx, NY, 10456. (Docket Entry 15 at 2.) The postal service receipt indicates that the documents were "left with [an] individual"

---

[2] Some documents filed with the court reference "NTGH 2A Auto Trade Inc, LLC." However, Claimant NTGH clarifies that the title of the legal entity is "NTGH 2A Auto Trade Inc." (Docket Entry 21 at 1.)

[3] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

2

but does not identify the individual. (*Id.* at 3.) However, Claimant NTGH admits that it had actual notice of the action in October 2023. (Docket Entry 21 at 2.) On October 16, 2023, Claimant Hassimiou accepted service of process through his attorney, Jay U. Odunukwe ("Attorney Odunukwe").[4] (Docket Entry 9.) Claimant Hassimoui also admits that he had actual notice of the action in October 2023. (Docket Entries 18 ¶ 6, 21 at 2.)

On January 30, 2024, the Court entered a default against several claimants, including Claimants Hassimiou and NTGH. (Docket Entry 17.) On February 12, Claimant Hassimiou, filed a *pro se* motion to set aside the entry of default on behalf of himself and Claimant NTGH.[5] (Docket Entry 18 at 1.) Claimant Hassimiou asserts that he is "the owner and incorporator and President of NTGH 2A Auto Trade, Inc." and opened the forfeited Citibank Account in the name of NTGH 2A Auto Trade, Inc. (*Id.* ¶ 1.) He claims that Citibank closed all of his accounts with the bank in September 2022, which prompted him to retain counsel, namely Attorney Odunukwe. (*Id.* ¶ 5.) However, after receiving notice of the forefeiture action, Attorney Odunukwe "later" informed Claimant Hassimiou that he would need to hire an attorney who was admitted to practice in the Middle District of North Carolina to represent both Claimants. (*Id.* ¶¶ 6, 9-10.) He states that he is "an innocent victim" and has a "valid and credible claim and did not violate any laws, or conspire[] with anyone to violate any laws or defraud anyone." (*Id.* ¶¶ 7, 12.) He also asks the court for 30 days to hire counsel. (*Id.* at 3.)

---

[4] Additionally, Plaintiff also effected service of process by publication through posting notice on an official government internet site for at least 30 consecutive days beginning on July 29, 2023. (Docket Entry 10.)

[5] Since entities cannot proceed *pro se*, the undersigned will only consider the motion as it relates to Claimant Hassimiou. *See Basira Na'Imah Bey Express Tr. v. Carrington Mortg. Servs.,* 2023 WL 4868083, at *2 (M.D.N.C. July 31, 2023) (noting that an entity party, as opposed to a person, is not permitted to proceed without counsel) (citations omitted); *see also* L.R. 11.1(a) ("A corporation or other entity may appear only through an attorney.").

On March 1, 2024, Claimant NTGH, through counsel, filed a motion to set aside the entry of default and a claim against the defendant properties. (Docket Entries 21, 22.) Claimant NTGH states that it is a "corporation that facilitates purchases by foreign persons of American and Chinese goods." (Docket Entry 22 at 2.) It claims it entered into "contracts and [signed] representations . . . for the sale and transfer of goods and received payments in the form of the funds that are subject of this action." (*Id.*) On March 21, 2024, Claimant NTGH also filed an Answer, which asserts several affirmative defenses, including innocence. (Docket Entry 24 at 3-5.) It further clarifies that when default was entered at the end of January, Claimant/Owner Hassimiou was still in the process of hiring new counsel in North Carolina, which is why Claimant Hassimiou submitted a *pro se* motion on both parties' behalf. (*Id.* at 2-3.)

**II. Discussion**

Claimants Hassimiou and NTGH assert that the entry of default entered against them should be set aside because they have established good cause. (*See generally* Docket Entries 18, 21.) Pursuant to the Federal Rules of Civil Procedure, "[t]he Court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The Fourth Circuit has held that certain factors must be considered to determine if there is "good cause" to set aside an entry of default: (1) whether the moving party has a meritorious defense, (2) whether the moving party acts with reasonable promptness to set aside the entry of default, (3) the personal responsibility of the defaulting party, (4) the prejudice to the opposing party, (5) whether there is a history of dilatory action, and (6) the availability of less drastic sanctions. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006), *see also Colleton Preparatory Acad., Inc. v. Hoover*

*Universal, Inc.,* 616 F.3d 413, 417-18 (4th Cir. 2010). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969) (citation omitted). Resolution of motions made under Rules 55(c) "is a matter which lies largely within the discretion of the trial judge . . . ." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *see also Stephens v. Bullard,* No. 1:21CV54, 2022 WL 2160243, at *1–2 (M.D.N.C. June 15, 2022).

Considering the factors in *Payne*, the Court concludes that Claimants Hassimiou and NTGH's motions to set aside the entry of default (Docket Entries 18, 21) should be granted. First, both Claimants assert "an innocent owner defense." (Docket Entries 18 ¶ 3, 21 at 4.) Claimant Hassimiou states that he "did not violate any laws, or conspire[] with anyone to violate any laws of defraud anyone." (Docket Entry 18 §§ 3, 12; *see also* Docket Entry 21 at 3-4.) Claimant NTGH adds that it entered "binding and valid" contracts to sell goods and "received signed representations that all funds required for the transaction were of lawful sources." (Docket Entry 22 at 2.) While the Claimants' defenses are somewhat tenuous at this stage in the litigation, they are sufficient. *See Wainwright's Vacations, LLC v. Pan Am. Airways, Corp.,* 130 F.Supp.2d 712, 718 (D.Md.2001) ("[T]he moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor."); *see Rasmussen v. Am. Nat'l Red Cross,* 155 F.R.D. 549, 552 (S.D.W.Va.1994) (Haden, C.J.) ("Although the Court finds the Defendant's 'meritorious defense' argument tenuous, it nonetheless recognizes the general policy of deciding cases on their merits."); *see United States v. Moradi,* 673 F.2d 725, 727 (4th Cir.1982) ("[A]ll that is necessary to establish

5

the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."). Therefore, the "meritorious defense" factor weighs in Claimants' favor.

Second, Claimant Hassimiou filed a *pro se* motion to set aside the entry of default on behalf of both parties about two weeks after receiving notice of the entry of default. (*See* Docket Entry 18.) This two-week period is reasonably prompt as it relates to Claimant Hassimiou.[6] *See e.g., Pearson v. Giles Industries, Inc.,* CIV.A. 3:13–19629, 2013 WL 6048714, at *2 (N.D.W.Va. Nov. 13, 2013) (finding the reasonable promptness factor satisfied where a motion to set aside the entry of default was filed two weeks after default was entered). Additionally, Claimant NTGH properly filed a motion to set aside through counsel about one month after the entry of default. (Docket Entry 21.) Since Claimant/Owner Hassimiou quickly attempted, although errantly, to file a *pro se* claim on behalf of Claimant NTGH, the total delay was only one month, and because the court recognizes the difficulty in finding specialized counsel in another state, the undersigned finds that Claimant NTGH's motion was also reasonably prompt. *See e.g., J & J Sports Prods., Inc. v. Santillan,* 1:11CV1141, 2012 WL 2861378, at *3 (M.D.N.C. July 11, 2012) (finding the reasonable promptness factor satisfied where a motion to set aside the entry of default was filed 28 days after default was entered). Therefore, the "reasonable promptness" factor weighs in Claimants' favor.

Third, "the Fourth Circuit has recognized that attorney inaction—without some sort of attendant fault of the defendant, personally—leads to a finding of no *personal* responsibility

---

[6] Because entities cannot file *pro se* motions, the court cannot consider whether the two-week delay was reasonably prompt regarding Claimant NTGH.

of the defaulting party." *Pearson v. Giles Indus., Inc.,* No. CIV.A. 3:13-19629, 2013 WL 6048714, at *2 (S.D.W. Va. Nov. 13, 2013). Here, Claimant Hassimiou asserts that part of the reason for the delay after receiving notice of the action was that Attorney Odunukwe did not immediately inform Claimants he was not admitted to practice in North Carolina, so they would need to find new counsel. (Docket Entry 18 ¶¶ 9-11.) While the undersigned recognizes that Claimants do not appear to have made efforts to hire counsel for several months after receiving notice of the action, Claimant NTGH did find counsel not long after the entry of default. Therefore, the "personal responsibility" factor slightly weighs in Claimants' favor.

Fourth, the Government does not assert that it has been prejudiced by the delay. (*See generally* Docket Entry 19.) However, another claimant, J.G. Beef, filed a response in opposition to Claimants' motions, claiming that Claimant NTGH "has squandered many months it had to comply with the Court rules and take other required actions to participate in this matter. The delay and neglect are inexcusable." (Docket Entry 23 at 2.) While J.G. Beef might not be an opposing party *per se*, Claimants' delay has prolonged recovery by J.G. Beef of an allegedly substantial amount of funds. Therefore, the undersigned finds that this factor slightly weighs against Claimants.

Fifth, Claimants' history of dilatory action clearly weighs against them. Claimants received notice of the action on or around October 10, 2022. (Docket Entry 15.) For almost four months, neither Claimant filed anything with the court. In fact, Claimant Hassimiou has yet to file a claim or answer.[7] Therefore, the "dilatory action" factor weighs against Claimants.

---

[7] The undersigned notes the possibility that, by not filing a claim or answer in his own name, Claimant Hassimiou only wishes to proceed as the representative/owner of Claimant NTGH.

Sixth, neither Claimants, nor the Government, assert that there are less drastic sanctions available. The undersigned does note that a significant amount of money is at stake, so entering a default judgment against Claimants would be a particularly drastic sanction. Therefore, the undesigned finds that this factor weighs in Claimants' favor.

Given that most of the *Payne* factors weigh in favor of Claimants and the court "recognizes the general policy of deciding cases on their merits," *Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 552 (S.D.W. Va. 1994), the undersigned recommends granting Claimants' motions to set aside the entry of default. (Docket Entries 18, 21.)

### III. Conclusion

Therefore, for the reasons stated above, the undersigned construes Claimant Hassimiou's "Motion Opposing Plaintiff's Motion for Entry of Default" (Docket Entry 18) as a motion to set aside entry of default and **RECOMMENDS GRANTING** the motion to the extent that it relates to Claimant Hassimiou. Further, the undersigned **RECOMMENDS GRANTING** Claimant NTGH's "Motion to Set Aside Entry of Default." (Docket Entry 21.)

/s/ Joe L. Webster
United States Magistrate Judge

April 16, 2024
Durham, North Carolina